IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Clinton Burris, ) | C/A No.: 1:13-1614-TMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Kela Evans Thomas SC Department of ) | |
| Probation, Parole and Pardon Services ) | |
| Director; SC Governor Nikki Haley; ) | |
| York Co. SC Justice Lee Alford; and ) | |
| Kevin S. Brackett SC Solicitor of York ) | |
| County, ) | |
| Defendants. ) | |
| ) | |

Plaintiff David Clinton Burris, proceeding *pro se* and *in forma pauperis*, is a pretrial detainee at the York County Detention Center. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights associated with an order requiring Plaintiff to wear an electronic monitoring device. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I. Factual and Procedural Background

Plaintiff is currently detained for a third violation of "Electronic (GPS) Monitoring." [Entry #1 at 2]. Plaintiff indicates that on June 23, 2003, a state court

sentenced him to ten years of incarceration, suspended upon five years of supervised probation. *Id.* at 4.  The state court revoked Plaintiff's probation and suspended sentence on April 5, 2004, and ordered Plaintiff to serve three years of his original sentence. *Id.* The state court further ordered that Plaintiff's probation be reinstated upon the completion of that period. *Id.* Plaintiff's second probation revocation hearing occurred on September 22, 2005, and the state court ordered Plaintiff to serve the remaining seven years of the original ten-year sentence. *Id.* at 4–5.  Plaintiff claims that he completed the sentence on April 1, 2010, but that the South Carolina Department of Probation, Parole, and Pardon Services ("SCDPPPS") detained him on a hold for electronic monitoring. *Id.* at 5.  Plaintiff alleges that a new law authorized electronic monitoring in his case, and that the SCDPPPS threatened to obtain an arrest warrant if Plaintiff did not sign paperwork pertaining to the electronic monitoring prior to release. *Id.* at 5–6.

Plaintiff alleges he had difficulty finding work upon release from prison and sought permission from the SCDPPPS to move to North Carolina. *Id.* Plaintiff believes this request resulted in a warrant for violation of the conditions of electronic monitoring. *Id.* at 6.  Plaintiff entered a guilty plea to the charge on November 19, 2010, and received a sentence of time served with reinstatement of electronic monitoring. *Id.* at 6–7. Plaintiff alleges he became ill and again sought permission from the SCDPPPS to leave the state of South Carolina. *Id.* at 7–8.  An SCDPPPS employee allegedly informed Plaintiff that the electronic monitoring order and conditions originated through defendant Solicitor Brackett. *Id.* at 8. Plaintiff claims to have visited the Solicitor's Office and was allegedly told that the SCDPPPS controlled the conditions of Plaintiff's electronic

monitoring order. *Id.* Plaintiff asserts that he subsequently became unemployed, had two surgeries, and was in an automobile accident. *Id.* at 9–10. Plaintiff alleges that he was arrested on December 2, 2012, for the current electronic monitoring violation. *Id.* at 10. He claims that the Solicitor dismissed the violation charge on June 4, 2013. *Id.* at 10–11.

Plaintiff alleges that it is unlawful for the courts of South Carolina to order a person to serve two separate sentences for the same warrants and that the SCDPPPS should not be able to "rule over the Courts." *Id.* at 11. Plaintiff further claims that it should be unlawful for: (1) the SCDPPPS to "be able to write any law;" (2) the Governor to put such law into effect; and (3) a state solicitor to break a plea agreement. *Id.* at 11–12. Plaintiff claims the monitoring system holds him in this state against his will, and that Defendant Thomas directs the agency that supervises Plaintiff's monitoring device. *Id.* at 13. Plaintiff names defendant Alford as the state judge who imposed Plaintiff's "second" sentence and names defendant Brackett for breaking a plea agreement. *Id.* at 13–14. Plaintiff asks this court to lift the order that requires him to wear an electronic monitoring device, strike the South Carolina law authorizing Plaintiff's placement on electronic monitoring, and award monetary damages.[1] *Id.* at 13.

---

[1] Habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). Therefore, Plaintiff cannot challenge a state sentence or seek release from confinement under 42 U.S.C. § 1983.

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim

currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). As discussed below, Plaintiff has named defendants in this case who are entitled to immunity from his claims under § 1983.

        1.    Defendant Alford is protected by judicial immunity

Plaintiff alleges that defendant Alford violated his rights by sentencing him in state court. [Entry #1 at 14]. However, a judicial officer in the performance of his or her duties has absolute immunity from suit. *Mireless v. Waco*, 502 U.S. 9, 12 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). This immunity extends to judges and courts of limited jurisdiction, such as municipal and magistrate court judges. *Figueroa v. Blackburn*, 208 F.3d 432, 441−43 (3d Cir. 2000); *see also Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987). Judicial immunity is not pierced by allegations of corruption or bad faith, nor will a judge "be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356−57 (1978). Because judicial immunity is a protection from suit, not just from ultimate assessment of damages,

*Mireless*, 502 U.S. at 11, defendant Alford is entitled to summary dismissal from the instant case.

        2.      Defendant Bracket is protected by prosecutorial immunity

Plaintiff names defendant Brackett for allegedly breaking a negotiated plea agreement. [Entry #1 at 14]. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial motions hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Thus, Plaintiff's claims associated with defendant Brackett's prosecution of his criminal proceedings are barred from suit under § 1983 and this defendant should also be summarily dismissed from this case.

        3.      Defendants Thomas and Haley are protected by Eleventh Amendment immunity

Plaintiff alleges that defendant Haley approved the law that purportedly allows his electronic monitoring. [Entry #1 at 5, 13]. Defendant Thomas allegedly directs the state agency that supervises Plaintiff's electronic monitoring device and enforced the state law requiring Plaintiff to wear the device. [Entry #1 at 13]. Plaintiff does not allege any personal involvement by defendants Haley and Thomas in relation to his placement on electronic monitoring or its subsequent supervision. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). Instead, Plaintiff alleges a violation of his constitutional rights resulting from official actions taken by defendants Haley and Thomas. Such a claim is

6

tantamount to a claim against the state itself.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court.  *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Hans v. Louisiana*, 134 U.S. 1 (1890).  Such immunity extends to arms of the state, including a state's agencies and instrumentalities.  *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984); *see also Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997).  While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions applies in the instant case.[2]  Further, while a narrow exception to sovereign immunity exists, the Eleventh Amendment "does not permit judgments against state officers declaring that they violated federal law in the past."  *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993).  Therefore, Plaintiff's claims against defendants Haley and Thomas are subject to summary dismissal.

    4.    Plaintiff fails to demonstrate supervisory liability

It is possible that Plaintiff is alleging a claim of supervisory liability against defendant Thomas.  While supervisory officials may be held liable for constitutional injuries inflicted by their subordinates, *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994),

---

[2] Congress has not abrogated the states' sovereign immunity under § 1983, *see Quern v. Jordan*, 440 U. S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court.  S.C. Code Ann § 15-78-20(e).

7

certain criteria must be demonstrated to trigger such liability. A plaintiff must show that the supervisory official (1) was actually or constructively aware of a risk of constitutional injury, (2) was deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999). The complaint provides no facts to demonstrate that defendant Thomas was aware of, or deliberately indifferent to, any constitutional risk of injury to Plaintiff. Thus, any supervisory liability claim against defendant Thomas must also fail.

III.    Conclusion and Recommendation

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

June 18, 2013                                              Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).