IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| David Clinton Burris, ) | |
| ) | C/A No.1:13-1614-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Kela Evans Thomas, SC Department of ) | |
| Probation, Parole and Pardon Services ) | |
| Director; SC Governor Nikki Haley; York ) | |
| Co. SC Justice Lee Alford; and Kevin S. ) | |
| Brackett SC Solicitor of York County, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, David Clinton Burris ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., all pre-trial proceedings were referred to a Magistrate Judge. On June 18, 2013, Magistrate Judge Shiva V. Hodges issued a Report and Recommendation ("Report") recommending that the Complaint be dismissed without prejudice and without issuance and service of process. (ECF No. 9). The Magistrate Judge provided Plaintiff a notice advising him of his right to file objections to the Report. (ECF No. 9 at 9). Plaintiff filed objections to the Magistrate Judge's Report on July 2, 2013 (ECF No. 14).

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).

The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The Magistrate Judge recommended that the Complaint be dismissed without prejudice. As noted above, Plaintiff filed objections to the Report which the Court has carefully reviewed. However, the Plaintiff's objections provide no basis for this court to deviate from the Magistrate Judge's recommended disposition. The objections are non-specific, unrelated to the dispositive portions of the Report or merely restate Plaintiff's claims.

Plaintiff's claims against these defendants are not actionable under section 1983. Nonetheless, the court would like to note a recent South Carolina Supreme Court decision, *State v. Dykes*[1], in which the court held that while mandatory electronic monitoring for specific offenses is constitutional, denial of a judicial review process for

---

[1] No. 2010-160047, 2013 WL 2242768, at *4 (S.C. May 22, 2013).

lifetime electronic monitoring is unconstitutional. This decision may provide Plaintiff judicial recourse. However, this decision does not effect the current 1983 claims and does not impede the adoption of the Report from the Magistrate Judge.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court finds Plaintiff's objections are without merit. Accordingly, the court adopts the Report and incorporates it herein.  It is therefore **ORDERED** that the Complaint is **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

                                        s/Timothy M. Cain
                                        United States District Judge

July 9, 2013
Anderson, South Carolina


## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.